# EXHIBIT A

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

16A 08492-6

CIVIL ACTION NUMBER: _____

Rebecca Sutherland
_____

**PLAINTIFF**

VS.

Global Equipment Co., Inc.
_____

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff=s attorney, whose name and address is:

William L. Colvin, P.C.
11080 Old Roswell Rd., Ste. 103E
Alpharetta, GA 30009

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __23__ day of __August__, 20__16__.

Richard T. Alexander, Jr.,
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

2

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| REBECCA SUTHERLAND, | * |
| Plaintiff | * CIVIL ACTION FILE |
| vs. | * NO.: **16A** 08492-6 |
| GLOBAL EQUIPMENT CO., INC. | * |
| Defendant. | * |

**COMPLAINT FOR BREACH OF CONTRACT; FRAUD;
PUNITIVE DAMAGES; ATTORNEY'S FEES and
for VIOLATIONS OF THE FAMILY MEDICAL AND LEAVE ACT of 1993**

COMES NOW, REBECCA SUTHERLAND (SUTHERLAND), Plaintiff in the above-styled matter and files this her COMPLAINT FOR BREACH OF CONTRACT; FRAUD; PUNITIVE DAMAGES; ATTORNEY'S FEES and for VIOLATIONS OF THE FAMILY MEDICAL AND LEAVE ACT of 1993 against GLOBAL EQUIPMENT CO., INC. (GLOBAL EQUIPMENT), and shows the Court, as follows:

1.

GLOBAL EQUIPMENT is a foreign corporation of the State of New York as its principal business office is located at 11 Harbor Park Dr., Port Washington, NY 11050; and its local office is located at 2505 Mill Center Pkwy., Buford, Ga. 30518; and GLOBAL EQUIPMENT's Registered Agent in Georgia is CORPORATION SERVICE COMPANY, 40 Technology Parkway South, Suite 300, Norcross, Ga. 30092.

2.

SUTHERLAND was employed with GLOBAL EQUIPMENT for over ten (10) years as a Sales Account representative and or about January 21, 2016 SUTHERLAND resigned her position with GLOBAL EQUIPMENT after suffering through months of discrimination arising from her husband's terminal illness in violation of the American with Disabilities Act as well as the Family Medical Leave Act.

3.

That as a Sales account representative SUTHERLAND worked on a commission basis with her earnings being derived from being a percentage of her sales of goods to customers; and, GLOBAL EQUIPMENT paid SUTHERLAND such commissions, but would later "ding" or subtract from her earnings the commissions that had customers pay their invoices later than thirty (30) days.

4.

GLOBAL EQUIPMENT, after collecting such purported "late" invoices, would intentionally fail and refuse to return such earnings to SUTHERLAND; and, in furtherance of such breach and fraud, GLOBAL EQUIPMENT denied its sales representative access or allowed for limited access (no printing or saving of information) to the portal which tracks such sales, earnings, commissions and otherwise.

## COUNT ONE
## BREACH OF CONTRACT

5.

SUTHERLAND hereby re-asserts paragraphs 1. - 4. as if set forth herein.

6.

GLOBAL EQUIPMENT breached the parties' contract by paying SUTHERLAND sales commissions on earned sales; but, then GLOBAL EQUIPMENT would unilaterally deduct from such commission payments the amount of commissions on unpaid/uncollected invoices (past 90 days) from customers and when the customer did eventually pay GLOBAL EQUIPMENT, GLOBAL EQUIPMENT failed and refused to credit or re-pay such commissions back to SUTHERLAND despite the fact that SUTHERLAND had been taxed on the receipt of such monies.

7.

SUTHERLAND has determined that in excess of $ 25,000.00 in such "dinged" commissions was wrongfully taken from her in 2015.

8.

SUTHERLAND seeks judgment against GLOBAL EQUIPMENT for the "dinged" sales commissions along with and/or in the alternative, the portion of SUTHERLAND's taxes reflecting such illusory "dinged" earnings.

## COUNT TWO
## FRAUD

9.

SUTHERLAND hereby re-asserts paragraphs 1. - 8. as if set forth herein.

10.

GLOBAL EQUIPMENT defrauded SUTHERLAND in regard to the payment of such commissions in an illusory fashion - as there is no written policy or contract which provides or allows for such payment and charge back to occur.

11.

GLOBAL EQUIPMENT misrepresented its pay structure and payment practices to SUTHERLAND by failing to inform her of such practices as this "dinging" has only been in place for the past four (4) or so years and there is no legal or justifiable basis or reason for GLOBAL EQUIPMENT to use such a system to take and keep legitimate earnings from SUTHERLAND.

12.

SUTHERLAND relied on the representations of GLOBAL EQUIPMENT in respect to her commission earnings, performed her part of the deal on behalf of GLOBAL EQUIPMENT and next suffered TO HER DETRIMENT such financial losses from her wages being unilaterally reduced.

13.

That the practices of GLOBAL EQUIPMENT in retention of such "dinged" commissions is intentional, wrong and in violation acceptable business practices.

14.

SUTHERLAND seeks judgment against GLOBAL EQUIPMENT for the amount of her losses arising from such FRAUD.

### COUNT THREE
### PUNITIVE DAMAGES

15.

SUTHERLAND hereby re-asserts paragraphs 1. - 14. as if set forth herein.

16.

GLOBAL EQUIPMENT is liable to SUTHERLAND for an award of PUNITIVE DAMAGES as a result of GLOBAL EQUIPMENT's willful bad faith in committing FRAUD against SUTHERLAND in an amount to be determined by the enlightened conscience of an impartial jury.

### COUNT FOUR
### ATTORNEY'S FEES

17.

SUTHERLAND hereby re-asserts paragraphs 1. - 16. as if set forth herein.

18.

GLOBAL EQUIPMENT is liable to SUTHERLAND for her attorney's fees as a result of such conduct giving rise to GLOBAL EQUIPMENT's stubborn litigiousness and bad faith (anticipated) defense of the above-styled matter.

## COUNT FIVE
## COMPLAINT FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT of 1993
## (FMLA)

19.

SUTHERLAND hereby re-asserts paragraphs 1. - 18. as if set forth herein.

20.

SUTHERLAND's husband, JEREMIAH J. SUTHERLAND (JJ SUTHERLAND), is a medically retired former Army National Guard helicopter pilot whom served three (3) tours in the war theatre of the Country of Iraq between 2002 and 2010; and, while deployed and flying as a crew chief and later, as a pilot, JJ SUTHERLAND was exposed to toxic fumes on numerous occasions during each deployment to Iraq.

21.

SUTHERLAND began suffered from shortness of breath and problems breathing in and around the beginning of 2015; and, JJ SUTHERLAND, in the fall of last year (2015) was diagnosed with CONSTRICTIVE BRONCHIOLITIS (a fatal lung disease which can only be arrested through a multiple lung transplant).

22.

That as a result of such illness SUTHERLAND had to begin taking more and more time off for the care of her military medically retired husband with his war theatre caused and connected disability.

23.

Under the FMLA SUTHERLAND is defined under the definition of the FMLA as a military care giver for the care of her husband, JJ SUTHERLAND; and, SUTHERLAND was certified as GLOBAL EQUIPMENT demanded that she obtain certification under the requirements of the FMLA.

24.

GLOBAL EQUIPMENT interfered with, restrained and denied SUTHERLAND the exercise of her rights under FMLA by intentionally harassing; taking and reassigning her sales account(s) and creating a hostile work environment on a daily basis beginning in and around the beginning of December of 2015 and continuing until SUTHERLAND could no longer handle the stress of such harassment and she voluntarily resigned her position effective January 21, 2016.

25.

Under FMLA SUTHERLAND is vested with the right to bring the above-styled action without investigation or approval of the Wage and Hour Division of the U.S. Department of Labor; and/or the Equal Employment Opportunity Commission; and, SUTHERLAND hereby elects to proceed individually with the filing of this Complaint to exercise such rights afforded her under U.S. federal law.

26.

SUTHERLAND hereby seeks all damages, including liquidated; penalties, fees and otherwise available to her under the FMLA for GLOBAL EQUIPMENT's intentional and punitive actions in violation of 29 U.S.C. §§ 2611 through 2615.

WHEREFORE the Plaintiff prays that the Court:

a) grant SUTHERLAND judgment for GLOBAL EQUIPMENT's BREACH OF CONTRACT;

b) grant SUTHERLAND judgment for GLOBAL EQUIPMENT's FRAUD;

c) grant SUTHERLAND and award for PUNITIVE DAMAGES;

d) grant SUTHERLAND judgment for her attorney's fees; and

e) grant SUTHERLAND judgment and all damages, etc… for GLOBAL EQUIPMENT's violation of SUTHERLAND's rights as a military caregiver under the FMLA.

This 23rd day of August, 2016.

William L. Colvin, P.C.

By: _____
William L. Colvin
Attorney for Plaintiff
Ga. Bar # 179705

William L. Colvin, P.C.
11080 Old Roswell Road
Suite 103E
Alpharetta, Ga. 30009

(770) 642-0009

# General Civil Case Filing Information Form (Non-Domestic)

Court: ☒ Superior ☐ State

County: Gwinnett

Docket #: _____

Date Filed: 08-23-2016 (MM-DD-YYYY)

FILED IN OFFICE
RICHARD ALEXANDER, CLERK
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
2016 AUG 23 PM 3:46

**Plaintiff(s):** Sutherland, Rebecca
(Last, First, Middle I., Suffix, Prefix, Maiden)

**Defendant(s):** Global Equipment Co., Inc.
(Last, First, Middle I., Suffix, Prefix, Maiden)

No. of Plaintiffs: 1

No. of Defendants: 1

**Plaintiff/Petitioner's Attorney:** ☐ Pro Se

Colvin, William L.
(Last, First, Middle I., Suffix)

Bar #: 179705

### Check Primary Type (Check only ONE)

- ☒ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgement Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

### If Tort is Case Type: (Check no more than TWO)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☒ Other Specify: fraud

Are Punitive Damages Pleaded? ☒ Yes ☐ No

☒ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

10

Civil Action No **16A 08492-6**

Date Filed **8-23-16**

Magistrate Court ☐
Superior Court ☑
State Court ☐
Georgia, Gwinnett County

Attorney's Address
William L Colvin, P C
11080 Old Roswell Rd
Ste 103E, Alpharetta, GA 30009

Name and Address of party to be served
Global Equipment Co, Inc
c/o Reg Agent Corp Service Co
40 Technology Pkwy South
Suite 300
Norcross, GA 30092

**Rebecca Sutherland**
Plaintiff

VS

**Global Equip Co, Inc**
Defendant

_____
Garnishee

RECEIVED 2016 AUG 24 AM 9 47 CIVIL DIV GCSO

## Sheriff's Entry Of Service

RICHARD T ALEXANDER CLERK 2016 AUG 26 AM 10 55 CLERK SUPERIOR COURT GWINNETT COUNTY FILED IN OFFICE

**Personal** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons

**Notorious** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County
Delivered same into hands of _____ described as follows
age about _____ years weight about _____ pounds height about _____ feet and _____ inches domiciled at
the residence of defendant

**Corporation** ☑
Served the defendant **Global Equipment Company Inc** a corporation
by leaving a copy of the within action and summons with **Alisha Smith, RA**
in charge of the office and place of doing business of said Corporation in this County

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court

This **25** day of **Aug** 20**16**

_____ J Bowen
Deputy
**50333**

Sheriff Docket _____ Page _____

Gwinnett County, Georgia

WHITE Clerk     CANARY Plaintiff / Attorney     PINK Defendant

SC 2 Rev 3 13